**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Kev & Cooper Limited Liability Company,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 23 C 1316** |
| **v.** | ) | |
| | ) | **Judge Jorge Alonso** |
| **Phan Thi Sen,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

For the reasons set forth in the "Statement" section below, Plaintiff's request made in its "Response" [8] for a Court order either deeming Defendant served or permitting service by email and FedEx, regardless of whether the physical mailing can be delivered or is signed for, is denied without prejudice. Plaintiff is given until November 17, 2023, to file either: (1) a motion and supporting authority showing why alternative service of process should be permitted under Federal Rule of Civil Procedure 4(f)(3) and by what method; (2) a status report notifying the Court of its efforts to serve Defendant under Federal Rule of Civil Procedure 4(f)(1); or (3) a notice of voluntary dismissal pursuant to Rule 41(a)(1). The failure to do so may result in in dismissal of this case for want of prosecution. A telephonic status hearing is set for November 28, 2023 at 9:30 a.m.

## <u>STATEMENT</u>

Plaintiff filed this case on March 2, 2023, but has not yet served Defendant. On October 12, 2023, the Court ordered Plaintiff to show cause by October 25, 2023, for its failure to serve Defendant. (ECF No. 6); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff filed a response to the Court's show-cause Order on October 25, 2023, along with a declaration by Plaintiff's attorney and exhibits. (ECF No. 8.) Plaintiff argues that the 90-day time limit for service set forth in Rule 4(m) does not apply here, where Defendant is likely located in a foreign country. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]"). That may be so, "but it does not follow that a court is left helpless when it wants to move a case along." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). "If, for example, a plaintiff made no attempt to begin the process of foreign service within [the time limit set forth in Rule 4(m)], it might be proper

for a court to dismiss the claim." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (citation omitted). The Court is not without power to control its docket by dismissing a stale case for failure to prosecute when the defendant has not been served. *O'Rourke Bros.*, 201 F.3d at 952 ("[I]t is clear that a court has inherent authority to dismiss a case *sua sponte* for a failure to prosecute" when the defendant has not been served.).

This case has been pending for over six months with no activity. Plaintiff nonetheless responds to the Court's show cause order stating that it has attempted to serve Defendant via email. (ECF No. 8.) Plaintiff states that when it filed a Notice of Infringement under the Digital Millenium Copyright Act ("DMCA") with Amazon.com against the Defendant, Defendant filed a counter-notice with Amazon.com in or around February 2023 claiming that Plaintiff's DMCA notice was in error and otherwise disclaiming liability. Via Amazon.com, Defendant provided their gmail.com email address, a physical address located in Vietnam, and "agree[d] to accept service of process" from Plaintiff. Plaintiff then filed this lawsuit on March 2, 2023. Plaintiff states that Defendant was notified of this lawsuit by Amazon.com, but it does not explain when, the method, or the content of such notice.

On June 5, 2023, Plaintiff's attorney sent the summons and complaint, along with a waiver of service form, via email to the email address provided by Defendant. Defendant did not respond to Plaintiff's email, although the email did not bounce back to Plaintiff's attorney. Plaintiff argues that Defendant plainly has notice of this suit, both through Amazon.com and through Plaintiff's attorney's email. Plaintiff points out that Defendant took down the allegedly infringing items, which indicates actual notice of this lawsuit. But Plaintiff does not state when Defendant took down the allegedly infringing items—it could very well have happened in response to Plaintiff's Notice of Infringement and before the date when Defendant purportedly received notice of this lawsuit by either Amazon.com or Plaintiff's email. Plaintiff requests that the Court enter an order either, (1) deeming Defendant served, or (2) extending the time for Plaintiff to serve Defendant within two weeks from the date of the Court's order and permitting service by email and overnight FedEx or other recognized courier to the physical address in Vietnam provided by the Defendant, regardless of whether the physical mailing can be delivered or is signed for. Plaintiff cites no authority in support of its request and has filed no motion on the docket.

Federal Rule of Civil Procedure 4(f) sets forth the following means for serving an individual in a foreign country:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Plaintiff bears the burden of demonstrating valid service of process. *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005).

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") "governs the service of process of civil matters among citizens of signatory nations in an attempt to give litigants a reliable, efficient, and standardized means of international service." *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 795-96 (N.D. Ill. 2021), *aff'd sub nom. NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 577 (2023). The United States and Vietnam are contracting states to the Hague Convention. *See* Status Table, Hague Convention, https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited November 2, 2023) (listing current contracting states). The Hague Convention does not apply if the defendant's address is "not known." Hague Convention Art. 1, 20 U.S.T. 361.

Plaintiff indicates that Defendant's physical address in Vietnam *is* known, and so there is no indication from Plaintiff why service could not be made pursuant to the means contemplated by the Hague Convention under Rule 4(f)(1). Nonetheless, Rule 4(f)(3) allows courts to permit alternative means of service if the party seeking to use an alternative means obtains permission of the court and those alternative means are "not prohibited by international agreement." Fed. R. Civ. P 4(f)(3). There "is no indication of a hierarchy in the text or structure of Rule 4(f)." *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at *7 (N.D. Ill. Apr. 19, 2013). Consequently, even where a plaintiff has not attempted service under the terms of the Hague Convention and Rule 4(f)(1), "the Court [is] authorized to order that service be effected by an alternative means (*i.e.*, email) so long as Plaintiff[] 'ma[d]e a showing as to why alternative service should be authorized.'" *NBA Props.*, 549 F. Supp. 3d at 797 (quoting *Flava Works*, 2013 WL 1751468, at *7). Such a showing has been found to be sufficient, for example, where there is a need for speed that cannot be met by following the Hague Convention methods, or where a defendant's email address is shown to be more reliable than its physical address. *See id.* (listing cases).

3

Plaintiff neither sought the Court's leave before attempting to serve Defendant via email nor provides any explanation as to why alternative service via email, or email and FedEx, should be permitted in this case. Plaintiff's sole basis for contending that email service should be permitted here appears to be that Defendant agreed to accept service of process in its DMCA counter-notice and provided its email for that purpose. But contrary to Plaintiff's contention, it is not apparent from that document that Defendant agreed to accept service of this lawsuit via email. (ECF No. 8-2.)

The Hague Convention does not specifically preclude service by email. *See id.* ("Service by email is not specifically provided for in the Convention, but neither is it forbidden.") (listing cases). Although Vietnam has not objected to service by email, it has declared that it opposes, either fully or partially, to the service of documents in its territories by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels. *See* Declaration/Reservation/Notification, Hague Convention, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited November 2, 2023). In short, service by email to an individual in Vietnam does not violate an international agreement, but Plaintiff has not carried its burden of showing that the same can be said of service by FedEx, regardless of whether the physical mailing can be delivered or is signed for.

Further, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). For example, the Ninth Circuit found that service by email satisfies due process where an "e-business . . . structured its business such that it could be contacted *only* via its email address." *Id.* at 1018 (emphasis original). Here, Plaintiff has not carried its burden of showing that service on Defendant by email satisfies due process.

For these reasons, Plaintiff fails to show why service on Defendant by email, or email and FedEx, should be authorized in this case. Plaintiff's request for a Court order either deeming Defendant served or permitting service by email and FedEx is denied without prejudice. Plaintiff is given until November 17, 2023, to file either: (1) a motion and supporting authority explaining why alternative service of process should be permitted under Rule 4(f)(3) in this case and by what the method; (2) a status report notifying the Court of its efforts to serve process on Defendant under Rule 4(f)(1); or (3) a notice of voluntary dismissal pursuant to Rule 41(a)(1). A telephonic status hearing is set for November 28, 2023 at 9:30 a.m.

Case: 1:23-cv-01316 Document #: 9 Filed: 11/03/23 Page 5 of 5 PageID #:72

5

**SO ORDERED.**                                    **ENTERED: November 3, 2023**

_____
**HON. JORGE ALONSO**
**United States District Judge**

5